UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────x

TOMAS CARRERA, individually, and on behalf
of all others similarly situated,                            2:17 Civ. 42

                Plaintiff,                                   **COMPLAINT AND**
                                                                             **JURY DEMAND**

      -against-

JG GENERAL WELDING, INC. and
JORGE W. GUERRERO,

                Defendants.
───────────────────────────────────────x

      1.      Plaintiff Tomas Carrera ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of JG General Welding, Inc. ("JG Welding"), by and through his attorneys, Cuti Hecker Wang LLP, for his Complaint against Defendants JG Welding and Jorge W. Guerrero (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

      2.      Plaintiff brings this case on behalf of himself and other similarly situated employees of Defendants to recover damages for Defendants' violations of federal and state labor laws.

      3.      Plaintiff and other similarly situated employees of JG Welding, a company based in Deer Park, New York, routinely worked long hours at job sites without being paid overtime premiums, and without being paid at all for many of the hours they worked.  Defendants withheld these wages despite knowing that they were not in compliance with federal and state laws requiring payment for all hours worked and to provide overtime pay for employees who work more than forty hours per week.  Indeed, Jorge Guerrero, the apparent owner and operator

1

of JG Welding, explicitly referenced the fact that he was not properly paying his employees on multiple occasions, yet willfully refused to comply with the law.

4. This lawsuit seeks to recover the unpaid wages that Plaintiff and other similarly situated employees of JG Welding lawfully earned, including hundreds of hours of both regular and overtime pay, together with statutory liquidated damages, interest, and attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's and similarly situated employees' federal claims pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's New York Labor Law ("NYLL") and breach of contract claims claims pursuant to 28 U.S.C. § 1367 because those claims closely relate to the federal labor law claims, having arisen from a common nucleus of operative facts, such that the state law claims form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because JG Welding's principal place of business and Defendant Guerrero's residence are in this judicial district.

## PARTIES

8. Plaintiff Tomas Carrera is an individual residing in Deer Park, New York. From approximately March 2014 until June 2015, he was employed by Defendants as a welder, and was a covered employee within the meaning of the Fair Labor Standards Act ("FLSA") and the NYLL.

9. Defendant JG Welding is a domestic corporation headquartered at 51 Wilson Avenue, Deer Park, New York 11729, routinely supervising workers at numerous construction jobs throughout New York City and Long Island.

10. At all times relevant to this litigation, JG Welding has been an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA in that it: (i) has had employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales made or business done of not less than $500,000.

11. Defendant Jorge W. Guerrero is a natural person who, at all relevant times, exerted substantial overall operational control over JG Welding, possessed a substantial ownership interest in JG Welding, controlled significant functions of the business operated by JG Welding, made hiring and firing decisions on behalf of JG Welding, and determined the required hours and compensation of Plaintiff and other similarly situated employees of JG Welding. On his own behalf and acting on behalf of JG Welding, Defendant Guerrero expressed knowledge and familiarity with wage and/or labor laws, yet knowingly, intentionally, and willfully refused to follow them.

## JURY DEMAND

12. Plaintiff hereby demands a trial by jury.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings his FLSA claim as a representative on behalf of all individuals employed by JG Welding from the period March 2014 through the present.

14. The individuals who worked for JG Welding during the relevant period are all similarly situated with respect to Defendants' policy and practice of not paying employees overtime.

15. The individuals who worked for JG Welding during the relevant period are likewise all similarly situated with respect to Defendants' policy and practice of not paying employees at all for hours worked beyond eight hours per day.

16. The claims of the collective action class members raise the same legal and factual issues as the claims of the named plaintiff. There are no conflicts between the named plaintiff and the members of the collective action.

17. Plaintiff's counsel are experienced in litigating FLSA and NYLL cases and will adequately represent the members of the class, having repeatedly represented other workers in collective and class action cases, successfully vindicating their rights under FLSA and the NYLL.

## FACTUAL ALLEGATIONS

18. JG Welding operates a company based in New York that specializes in welding and other structural steelwork. Many of its jobs are in New York City and Long Island.

19. During the relevant time period, JG Welding controlled all material aspects of its employer-employee relationship with Plaintiff and the other individuals it employed, including deciding what sites they would work at, the hours they would work, their rate of pay, their hiring, firing, and disciplining, and other essential functions of the individuals' jobs.

20. JG Welding provided Plaintiff and the other individuals it employed with tools they needed to perform their jobs, and the individuals wore company uniforms and used company vehicles during the workday.

21. JG Welding paid its employees, including Plaintiff, each week. These payments were sometimes made in cash, sometimes by check, and sometimes in a combination of a check and cash.

22. When Plaintiff was hired by JG Welding in or around March 2014, JG Welding agreed to pay him at a rate of $20 per hour and Plaintiff agreed to provide his services at that rate of pay. Plaintiff's pay rate was $20 per hour until he left the company in or around June 2015.

23. Plaintiff and other individuals employed by JG Welding regularly worked more than forty hours per week while employed by Defendants. Indeed, Plaintiff and other individuals employed by JG Welding worked approximately 11 hours on a typical day.

24. Despite these long hours, JG Welding followed a policy and practice of paying Plaintiff or other similarly situated employees for only eight hours per workday, even when they worked much more than eight hours.

25. JG Welding likewise followed a policy and practice of not paying Plaintiff or other similarly situated employees overtime for hours worked in excess of forty hours per week.

26. Defendants often provided Plaintiff and other similarly situated employees with paychecks that covered only a portion of the hours they had worked during that week and falsely indicated that the employees had worked fewer hours than they actually had. Defendant Guerrero sometimes made hand-written notations that indicated that the employees had been paid for additional time in cash. Even together, the check and cash payments failed to compensate the employees for all of the hours they had worked or for any overtime pay.

27. In some instances, the paystubs with Defendant Guerrero's notations demonstrate on their face that the employees were entitled to overtime wages but did not receive them.

28. During the period from approximately December 2014 to approximately March 2015, Plaintiff and other individuals employed by JG Welding worked extremely long shifts of approximately 19 hours. During that period, they worked at two sites per day, one in Long

Island and one in Manhattan, typically arriving at work at approximately 6 a.m. and not leaving work until approximately 1 a.m. the next morning.

29. During that period in which Plaintiff and other employees worked extremely long hours, JG Welding compensated them for approximately 16 hours per work day, even though they worked more than 16 hours. JG Welding did not pay them any overtime for hours worked in excess of forty hours per week.

30. Defendants failed to pay Plaintiff overtime wages for the entire time he worked for them.

31. Defendants failed to pay Plaintiff anything at all for hundreds of hours of labor he performed for them.

32. When Plaintiff asked Defendant Guerrero about Defendants' failure to pay overtime wages and failure to pay employees for all of the hours they worked, Defendant Guerrero told Plaintiff on multiple occasions that he did not pay overtime and only paid for eight hours per work day. Defendant Guerrero further told Plaintiff that his failure to pay employees overtime was counterbalanced because he paid employees in cash so that taxes were not deducted.

33. Defendants' failure to pay employees for all hours they worked, and failure to pay overtime wages, were knowing, intentional, and willful.

34. Defendants knew that the nonpayment of wages and overtime would financially injure Plaintiff and other similarly situated employees of JG Welding.

35. Upon information and belief, Defendants at all relevant times had the means to pay Plaintiff the wages and overtime pay that he was owed, yet they refused to do so.

36. Upon information and belief, during the relevant time period, Defendants were party to, or subcontractors performing work under, one or more public works contracts with the state or a public benefit corporation or a municipal corporation or a commission appointed pursuant to law within the meaning of NYLL Article 8, §§ 220 *et seq*.

37. Plaintiff provided welding services as part of that public works contract or contracts, including, without limitation work at a public school building in Bronx County for approximately two weeks in or around the spring of 2015. Plaintiff was not paid the prevailing wage, as required by the NYLL, for that work.

38. Defendants failed to provide Plaintiff at the time of hiring with notice of rate of pay and other information was required by NYLL § 195. Upon information and belief, Defendants likewise failed to timely provide such notice to other employees.

39. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's and other employees' hours and wages as required by the FLSA and the NYLL.

40. On or about October 24, 2016, Plaintiff's counsel sent a draft of this complaint to Defendants in order to see if the parties could reach a resolution prior to the commencement of litigation.

41. On or about January 3, 2017, Defendants' counsel informed Plaintiff's counsel that both Defendant JG Welding and Defendant Guerrero intend to file for bankruptcy. Upon information and belief, Defendants intend to use the bankruptcy laws to avoid paying the wages and overtime that they willfully and maliciously withheld from Plaintiff and other similarly situated employees.

## FIRST CAUSE OF ACTION
### (FLSA – Overtime Wages)

42. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

43. At all relevant times, Plaintiff and similarly situated employees were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

45. Defendants failed to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of 40 hours per week at a wage rate of one-and-a-half times their regular rate of pay, in violation of 29 U.S.C. § 207(a)(1).

46. Defendants' violations of the overtime requirements of the FLSA were willful.

47. As a direct and proximate result of these violations, Plaintiff and other similarly situated employees have suffered damages in an amount to be determined at trial.

48. Plaintiff and other similarly situated employees are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, statutory liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
### (NYLL – Overtime Wages)

49. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

50. At all relevant times, Plaintiff was an employee of Defendants, and Defendants were the employers of Plaintiff, within the meaning of NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

51. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

52. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL and supporting New York State Department of Labor Regulations.

53. Through their knowing and intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated NYLL Article 19, §§ 650 *et seq.*, and supporting regulations.

54. As a direct and proximate result of these violations, Plaintiff has suffered damages in an amount to be determined at trial.

55. Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, statutory liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### THIRD CAUSE OF ACTION
### (NYLL – Unpaid, Agreed-Upon Wages)

56. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

57. The payment of wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

58. Defendants failed to pay Plaintiff his agreed-upon rate of pay of $20 per hour for numerous hours that he worked.

59. Through their knowing and intentional failure to pay Plaintiff his agreed-upon rate of pay for all hours that he worked, Defendants willfully violated NYLL Article 6, §§ 190 *et seq.*, and supporting regulations.

60. As a direct and proximate result of these violations, Plaintiff has suffered damages in an amount to be determined at trial.

61. Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages, statutory liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CAUSE OF ACTION
**(Breach of Contract)**

62. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

63. Defendants and Plaintiff entered into a valid contract providing that Plaintiff would perform welding work for Defendants at a rate of $20 per hour.

64. Plaintiff fulfilled his obligations under the contract by performing welding work for Defendants.

65. Defendants breached the contract by not paying Plaintiff the agreed-upon rate (or anything at all) for many of the hours he worked.

66. As a direct and proximate result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated employees, respectfully requests that judgment be entered against Defendants as follows:

a. Declaring Defendants' conduct complained of herein to be in violation of the FLSA, the NYLL, and supporting regulations, and a breach of Defendants' contract with Plaintiff;

b. Awarding Plaintiff and other similarly situated employees overtime wages due under the FLSA, the NYLL, and the supporting regulations;

c. Awarding Plaintiff agreed-upon wages due under the NYLL and the supporting regulations;

d. Awarding Plaintiff damages for Defendants' breach of contract;

e. Awarding Plaintiff and other similarly situated employees liquidated damages pursuant to the FLSA and the NYLL for Defendants' willful violations;

f. Awarding pre-judgment interest and post-judgment interest;

g. Awarding attorneys' fees and costs; and

h. Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 4, 2017

By:   /s/ Mariann Meier Wang
      Mariann Meier Wang (MW 7417)
      Daniel Mullkoff (DM 4602)

CUTI HECKER WANG LLP
305 Broadway, Suite 607
New York, New York 10007
(212) 620-2603

                                                          mwang@chwllp.com
                                                         dmullkoff@chwllp.com

*Attorneys for Plaintiff*